IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS REID DeCARLO,**

    **Petitioner,**

**v.**                            **Civil No. 12-639-DRH**

**WENDY J. ROAL,**

    **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Thomas Reid DeCarlo has, for the second time, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was sentenced to serve 293 months in the Bureau of Prisons following his 2003 conviction for traveling in interstate commerce with the intent to engage in a sexual act with a person under the age of 12, in violation of 18 U.S.C. §2241(c). He is incarcerated at USP-Marion.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that, upon preliminary consideration, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to a petitioner brought under §2241. Having carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner was convicted in the Western District of Tennessee. After that Court denied his motion brought under 28 U.S.C. §2255, DeCarlo filed his first §2241 petition in this District, raising claims that he also raises in the instant case. See, *DeCarlo v. Hollingsworth*, Case No. 10-481-GPM. In an order dated December 10, 2010, District Judge G. Patrick Murphy dismissed the petition with prejudice because the grounds raised could have been raised in his §2255 motion, and he had not demonstrated that the remedy provided by §2255 was "inadequate or ineffective," as required by 28 U.S.C. §2255(e). See, Doc. 5, Case No. 10-841-GPM.

As he explains in his pleadings in the present case, petitioner interpreted Judge Murphy's order as an invitation to seek leave from the Sixth Circuit to file a successive §2255 motion, which was denied. See, Doc. 1, Ex. 2, pp. 1-3. Petitioner now argues that the denial of leave to file a successive §2255 motion renders the §2255 remedy "inadequate or ineffective" within the meaning of 28 U.S.C. §2255(e).

DeCarlo's petition must be dismissed, for two reasons. First, Judge Murphy dismissed DeCarlo's first petition with prejudice. DeCarlo did not appeal. 28 U.S.C. §2244(a) forbids the filing of a successive habeas petition by a federal prisoner "except as provided in section 2255."

Secondly, even absent the filing and dismissal of the first §2241 petition, the present petition could not survive. Generally, the "exclusive means for a federal prisoner to attack his conviction" is a motion brought under §2255. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy

under §2255 is "inadequate or ineffective to test the legality of his detention."  In order to fit within the savings clause, a petitioner must first show that his argument for habeas relief relies on a change in the law that occurred after his §2255 motion was adjudicated, but does not constitute grounds to file a successive motion under §2255(h).  He must also advance a non-frivolous claim of actual innocence.  ***Ibid.***

The grounds advanced by petitioner do not rely on a change in the law that occurred after his §2255 motion was denied.  Rather, they are arguments that he could have, but did not, raise in his §2255 motion.  And, contrary to petitioner's suggestion, the fact that he was denied leave to file a successive §2255 motion does not render the §2255 remedy inadequate or ineffective.  See, *Unthank v. Jett*, 549 F. 3d 534, 535 (7th Cir. 2008), citing *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002).

Thomas Reid DeCarlo's petition for habeas relief pursuant to §2241 is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:  August 14, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.08.14
14:45:14 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**