IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS REID DeCARLO,

       Petitioner,

vs.                                         Civil No. 12-cv-639-DRH

J.S. WALTON,

       Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's Motion Under Fed. R. Civ. P. 60(b) for Relief From Order. **(Doc. 9).**

Thomas Reid DeCarlo, an inmate in the BOP, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in May, 2012. It was his second petition under §2241. See, *DeCarlo v. Hollingsworth*, Case No. 10-481-GPM. Prior to filing his first habeas petition, DeCarlo had filed a motion under 28 U.S.C. §2255 in the Western District of Tennessee, the District in which he had been convicted. See, *U.S. v. DeCarlo*, 2007 WL 1345320 (W.D. Tenn., 2007), Order Denying Motion Pursuant to 28 U.S.C. §2255, Denying Certificate of Appealability and Certifying Appeal Not Taken in Good Faith.

In the pleadings filed in this case, DeCarlo stated that, after Judge Murphy dismissed his petition in Case No. 10-481, he unsuccessfully sought leave to file a successive §2255 motion from the Sixth Circuit Court of Appeals. DeCarlo concluded that the denial of leave to file a successive motion made §2255

inadequate or ineffective to test the legality of his detention within the meaning of §2255(e), so he filed the petition in this case. See, Doc. 1, Ex. 2, pp. 2-3.

This Court dismissed DeCarlo's petition on August 14, 2012, because the grounds he asserted for habeas relief could have and should have been raised in his §2255 motion, and he had not demonstrated that the remedy provided by §2255 was inadequate. Citing *Unthank v. Jett*, 549 F. 3d 534, 535 (7th Cir. 2008), this Court held that the denial of leave to file a successive §2255 motion did not render the §2255 remedy inadequate or ineffective. See, Doc. 7, p. 2.

On March 1, 2013, petitioner filed his Rule 60(b) motion. The points he raises all assert that the Court committed legal errors in dismissing his case. He argues that the Court erroneously relied on a case which, in turn, relied on *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) because *Davenport* is unconstitutional, and that the Court misinterpreted and/or misapplied 28 U.S.C. §2244(a) as well as the doctrine of "abuse of the writ."

Rule 60(b)(6) authorizes the Court to grant a motion seeking relief from a judgment for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

2

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Whether the circumstances in a given case are "extraordinary" is within the sound discretion of the court. *Neuberg v. Michael Reese Hosp. Found.,* 123 F.3d 951, 955 (7th Cir. 1997).

DeCarlo's motion is doomed by the fact that the grounds he asserts for relief consist only of claims of legal error. Rule 60(b) is not a substitute for a timely-filed appeal. The grounds offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. See, e.g*., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court."); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S*., 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of

law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

If petitioner believed that the Court committed legal errors in dismissing his petition, his remedy was to file a timely notice of appeal to the Seventh Circuit Court of Appeals. He did not do so. His assertion of legal errors does not present grounds for relief under Rule 60(b).

For the foregoing reasons, petitioner's Motion Under Fed. R. Civ. P. 60(b) for Relief From Order **(Doc. 9)** is **DENIED**.

**IT IS SO ORDERED.**

DATE: April 16, 2013

Digitally signed by
David R. Herndon
Date: 2013.04.16
11:31:13 -05'00'

**CHIEF JUDGE
UNITED STATES DISTRICT COURT**