IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS REID DeCARLO,

Petitioner,

vs.                                         Case No. 12-cv-0639-DRH

J.S. WALTON,

Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's motion for leave to appeal *in forma pauperis* (Doc. 18). On August 14, 2012, the Court dismissed petitioner's 28 U.S.C. § 2241 habeas corpus petition with prejudice and judgment reflecting the same was entered (Docs. 7 & 8). Thereafter on March 1, 2013, petitioner filed a motion under Fed. R. Civ. P. 60(b) for relief from order (Doc. 9). On April 16, 2013, the Court denied the motion (Doc. 122). On April 24, 2012, petitioner filed a notice of appeal in this case as to the Court's April 16, 2013 Order (Doc. 13). Petitioner now seeks leave to proceed *in forma pauperis* on appeal without prepayment of the usual $455.00 appellate docketing fee. *See* 28 U.S.C. § 1913; 28 U.S.C. § 1917.

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal *in forma pauperis* must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* Fed. R. App. P. 24(a)(1). The motion must be supported by

1

an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, the Court is satisfied from petitioner's affidavit that he is indigent. However, the Court finds that his appeal is not taken in good faith. The Court dismissed DeCarlo's petition on August 14, 2012, because the grounds he asserted for habeas relief could have been and should have been raised in his § 2255 motion and that he had not demonstrated that the remedy provided by § 2255 was inadequate. Further, the Court denied his Fed.R.Civ.P. 60(b) motion because the grounds he raised in that motion consisted of claims of legal error and that Rule 60(b) is not a substitute for a timely-filed appeal. As stated previously, "his remedy was to file a timely notice of appeal to the Seventh Circuit Court of Appeals. He did not do so. His assertions of legal errors does not present grounds for relief under Rule 60(b)." (Doc. 12, p. 4). Under this standard, the Court cannot say that petitioner's motion for leave to appeal *in*

*forma pauperis* is in good faith. Petitioner's appeal is thus determined to be in bad faith and has failed to meet the requirements of Fed. R. App. P. 24(a)(1).

**IT IS HEREBY ORDERED** that petitioner's motion for leave to appeal *in forma pauperis* (Doc. 18) is **DENIED**. Petitioner shall tender the appellate filing and docketing fee of $455.00 to the Clerk of Court in this District on or before **May 31, 2013**, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

**DATED: May 9, 2013.**

Digitally signed by
David R. Herndon
Date: 2013.05.09
11:53:16 -05'00'

**Chief Judge**
**United States District Court**